IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANDRA JELSO,

      **Plaintiff,**

v.                        No. CIV 03-1327 JH/RLP

ECLIPSE AVIATION CORPORATION,

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Plaintiff's First Motion to Compel and for Sanctions and Memorandum Brief in Support Thereof, filed July 8, 2004. [Doc. No. 36.] Defendant's response was filed on July 26, 2004 [Doc. No. 40], and no reply was filed as of late in the day on August 11, 2004. After careful consideration of the pleadings and pertinent law, the Court concludes that Plaintiff's motion to compel and request for sanctions should be granted. The Court's reasoning is set out below.

### Background

Plaintiff Sandra Jelso's ("Jelso's") motion to compel requests that Juanita Denker Johnson ("Johnson"), a former Defendant Eclipse Aviation Corporation ("Eclipse") manager, be required to submit to a second deposition and to answer questions about her termination by Eclipse that defense counsel instructed Johnson not to answer at her first June 1, 2004 deposition. Jelso alleges, *inter alia* that she was sexually harassed by a supervisor in the workplace and that Eclipse knew of and

1

acquiesced in a hostile work environment. At the time of Jelso's complaint, Johnson was the Director of Human Resources for Eclipse. According to Jelso, Johnson was responsible for investigating and resolving Jelso's complaint of sexual harassment and for processing Jelso's termination.

According to Jelso, other witnesses, some of whom already have been deposed, testified that Johnson was discovered having sex with a male employee of Eclipse during business hours. Jelso argues that if the Director of Human Resources was caught having sex in the workplace, such evidence is relevant to the issue of whether a hostile work environment existed at Eclipse.

At the June 1, 2004 deposition of Johnson, she was asked a number of questions about her own termination from the company, including the reasons for her termination, rumors about Johnson's sexual activities at work, her separation agreement with the company and whether she was paid as part of that separation agreement, and other specific terms of the agreement. Eclipse's counsel instructed Johnson not to answer these questions based on a confidentiality agreement Johnson had with Eclipse. [Ex. 1 to Motion to Compel.]

Approximately 21 days after Johnson's June 1 deposition, Eclipse filed a Motion for Protective Order. [Doc. No. 32.] The Motion for Protective Order requested, in part, that Johnson's separation agreement and general release be protected from disclosure. However, Eclipse's reply also requested that any testimony about the agreement also be precluded. On August 2, 2004, the Court denied Eclipse's Motion for Protective Order in part and ordered that Johnson's separation agreement be produced by August 6, 2004. [Doc. No. 44.] The Court's Order did not discuss Eclipse's request to preclude any further testimony by Johnson about the terms of and reasons for her termination.

## Plaintiff's First Motion to Compel

Jelso argues that Johnson should be required to submit to a second deposition and answer the questions that counsel instructed her not to answer. Jelso contends that the requested testimony is relevant to Jelso's claims that management knew of and condoned a sexually charged work atmosphere and that such testimony may be directly probative of Jelso's claims of hostile work environment and her retaliation claim. In addition, Jelso asserts that this area of deposition examination bears on Johnson's credibility.

Eclipse responds that compelling such testimony would be prejudicial to the interests of both Johnson and the company, and that the instruction not to answer the questions at issue was necessary to protect the confidentiality of the information and to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). More specifically, Eclipse urges that to subject Johnson and Eclipse to providing such testimony would embarrass, oppress or annoy the deponent in contravention of Rule 30(d)(4). Eclipse also argues that the requested information amounts to a privilege as defined by Rule 30(d)(1) and that Rule 30(d)(1) was not intended to encompass only traditional privileges but also other matters subject to restrictions on disclosures, i.e., separation agreements with confidentiality provisions. Finally, Eclipse contends that the Court should preclude the requested testimony on grounds of privacy and lack of relevancy.

## Analysis

The starting point for discovery disputes is Fed. R. Civ. P. 26(b)(1). Rule 26 generally provides for a broad scope of discovery. A party may obtain discovery regarding any matter, "not privileged, that is relevant to the claim or defense of any party . . . ." Relevant discovery is defined as that information that "appears reasonably calculated to lead to the discovery of admissible

evidence." The broad discovery principle under the rules is intended to allow the parties to know as much as they can about each other's claims and defenses prior to trial so as to better evaluate a case for settlement or, alternatively, to be prepared to meet the proofs at the time of trial. *See* Smith v. Ford Motor Co., 626 F.2d 784 (10th Cir. 1986), *cert. denied*, 450 U.S. 918 (1981). Moreover, liberal construction is given to the rules to avoid "trial by ambush." Id. at 797. However, a request for information that has no conceivable bearing on the claims or defenses will usually be disallowed. Miscellaneous Docket Matter #1 v. Misc. Docket Matter #2, 197 F.3d 922, 925-26 (8th Cir. 1999).

Rule 26 also vests the court with broad discretion to tailor discovery as needed. Crawford-El v. Britton, 523 U.S. 574, 598 (1998). The discovery rules provide federal courts with ample discretion to restrict discovery where the burden or expense of the proposed discovery outweighs its likely benefit. Bosaw v. National Treasury Employees' Union, 887 F. Supp. 1199, 1213 (S. D. Ind. 1995). In balancing the need for information against the burden of production or risk of harm, the court considers "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(iii).

Here, the pertinent inquiry is when may an attorney instruct the deponent not to answer a question in a deposition. The rule is clear. "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Fed. R. Civ. P. 30(d)(1). Here, there is no evidence that a court enforced a limitation prior to the deposition. Nor did Eclipse halt the deposition in order to file an immediate motion for protective order or to attempt to consult with a Magistrate Judge.

The general rule is that it is improper for an attorney to instruct the client to refuse to answer a question at a deposition unless such instruction is necessary to preserve a privilege. Resolution Trust Corp. v. Dabney, 73 F.3d 262 (10th Cir. 1995); American Hangar, Inc. v. Basic Line, Inc., 105 F.R.D. 173, 174 (D. Mass. 1985).  When the person asserts a privilege during a deposition, he or she is obligated to file an immediate motion with the Court for a protective order.[1]  Otherwise, such lack of immediate action forces the opposing party to file a motion to compel and then places the burden on that party to justify the motion, which is improper. Furniture World, Inc. v. D.A.V. Thrift Stores, Inc., 168 F.R.D. 61, 63 (D.N.M. 1996) (*citing* American Hangar, 105 F.R.D. 173).

Here, defense counsel argues that the requested testimony is protected because of confidentiality provisions in the separation agreement.  The fact that information may be confidential does not make it privileged. Federal Open Mkt. Comm. v. Merrill, 443 U.S. 340, 362 (1979).  Rule 30(d)(1) does not make any exception based on confidentiality concerns to the general rule that a deponent must answer the questions posed to him or her during a deposition.

Eclipse also contends that the nature of this confidential information essentially equates with a privilege.  However, Eclipse provides no binding or persuasive authority to this effect, and the Court rejects the company's attempt to stretch the meaning of a recognized privilege to encompass matters that might be considered confidential or sensitive.[2]

---

[1] While not dispositive of this motion, the Court observes that Defendant's motion for protective order was not filed immediately after the June 1 deposition, but instead some 20 days after the deposition. In addition, the initial motion itself did not clearly request that the testimony at issue be precluded. Instead, the motion focused solely on production of the separation agreement.

[2] The parties could have addressed any confidentiality concerns through the use of a stipulated protective order. They also could have requested that the separation agreement be produced under seal and/or not attached to any publicly filed pleadings.

Eclipse's privacy argument meets a similar fate. There are no exceptions under the pertinent rules that permit a deponent to refuse to answer questions based on privacy concerns. It is true that courts may "carefully scrutinize discovery requests made to non-parties when the requests are burdensome or unduly invade the privacy rights of the non-party." <u>Audiotext Communications Network, Inc. v. US Telecom, Inc.</u>, 1995 WL 625962 (D. Kan. Oct. 5. 1995) (internal citation omitted). However, the general rule is that discovery will not be denied merely because it is sensitive. <u>Id.</u> at *11.

Moreover, the Court finds that the requested information is relevant to the parties' claims and defenses under the circumstances of this case. This is true because Jelso's claims relate to alleged sexual harassment and hostile work environment, and the Human Resources Director's own alleged sexual conduct and termination may be probative of those claims. This is not to say that the evidence will be admissible at trial. That is for the trial judge to decide. In any event, relevancy objections do not provide a proper basis to instruct a deponent not to answer a question during a deposition.

In further support of its argument that the proposed testimony should be precluded, Eclipse relies on <u>Wheeles v. Human Resource Systems, Inc.</u>, 179 F.R.D. 635 (S.D. Ala. 1998). In that case the court reversed the magistrate judge's ruling and ruled in favor of the defendant's similar request for a protective order. In <u>Wheeles</u>, the plaintiff's counsel wanted to ask a supervisor about his possible sexual affair with a co-worker that occurred off the job site. The supervisor and co-worker purportedly had previously dated each other. The supervisor's testimony and that of the co-worker were expected to be unfavorable to the plaintiff's claim of sexual harassment by two other male co-workers. The district court carefully balanced the plaintiff's need to inquire into the sexual conduct between two non-party witnesses against the non-parties' legitimate interests in privacy and

determined that privacy concerns precluded the requested testimony. In <u>Wheeles</u>, the court concluded that the plaintiff simply had articulated little or no reason why the testimony should be permitted, and further that to exclude the testimony would not result in prejudice to the plaintiff. <u>Id.</u> at 637-38. Moreover, the parties in <u>Wheeles</u> agreed to certain stipulations regarding the supervisor and his relations with the co-worker.

This Court finds that <u>Wheeles</u> is distinguishable. The alleged sexual involvement in <u>Wheeles</u> did not occur at work, nor did it involve the company's human resources director. Further, the supervisor in <u>Wheeles</u> was not terminated for allegedly wrongful conduct as was the Human Resources Director here, who actually was the person conducting the investigation into Jelso's allegations. In this case, Johnson's credibility and the circumstances surrounding her termination could be probative of plaintiff's hostile work environment claim. In contrast, the plaintiff in <u>Wheeles</u> focused her argument on possible witness bias, which that court found to be attenuated under the circumstances. <u>Id.</u> at 637.

Thus, after a careful balancing of the plaintiff's need for the proposed testimony and Johnson's and Eclipse's need for confidentiality or privacy, the Court concludes that the sought after testimony is discoverable. The importance of the issues at stake in this litigation and the importance of the proposed discovery in resolving those issues outweighs Defendant's privacy and confidentiality concerns under the circumstances of this case. Accordingly, Johnson will have to submit to a second deposition and respond to the questions to which she was instructed not to answer. That deposition should be scheduled within fifteen (15) days after entry of this decision.

**Plaintiff's Request for Sanctions**

Because the Court finds that the defense counsel's instructions to the deponent not to answer certain question were improper, the Court grants Defendant's request for sanctions, to the extent that Plaintiff will be responsible for paying the costs of the court reporter at the second deposition of Johnson. In addition, the Court directs defense counsel to pay to Plaintiff's counsel a sum of $180.00 as the reasonable fees incurred in filing this motion. That award should be paid to Plaintiff's counsel prior to the date of the second deposition of Johnson.

**Conclusion**

For all of the above-stated reasons, the Court grants Plaintiff's First Motion to Compel and her request for sanctions.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's First Motion to Compel and for Sanctions and Memorandum Brief in Support Thereof [Doc. No. 36] is GRANTED;

(2) Juanita Denker Johnson's deposition must be scheduled within fifteen (15) days after entry of this decision and defense counsel is responsible for paying the court reporter's fees during the second deposition;

(3) Defense counsel must pay $180.00 to Plaintiff's counsel for the reasonable fees incurred in filing the motion to compel, prior to the scheduled deposition of Ms. Johnson.

Richard L. Puglisi
United States Magistrate Judge